**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal Action No. **3:18-CR-100-L** |
| | § | |
| **DAVID MICHAEL LADD, a/k/a "David McRee."** | § § § | |

**MEMORANDUM OPINION AND ORDER**

**I.　Background**

On April 18, 2018, the Government filed its First Motion to Continue Trial Setting and Pretrial Deadlines (Doc. 21). The Government requests that the trial of this action, currently set for May 21, 2018, be continued by at least 60 days so that it may have continuity of counsel at trial and have sufficient time to prepare its case-in-chief in light of a Fifth Circuit oral argument and several other trials for which Ms. Jamie Hoxie, the Government's lead counsel, must prepare.

On April 20, 2018, Defendant David Michael Ladd ("Defendant" or "Ladd") filed his Notice of Intent and Response to Government's Motion to Continue Trial (Doc. 22). He advised the court that he intends "to file a motion to dismiss the Indictment after the Speedy Trial clock runs on May 2, 2018." Def.'s Resp. 2. Defendant further advises the court that he is invoking his right to a speedy trial in this case.

Ladd opposes the Government's request for a continuance because he contends that: (1) the current trial setting of May 21, 2018, violates the Speedy Trial Act; (2) the Government has had sufficient time to prepare for the case and its lack of diligence does not warrant a continuance; and (3) Defendant's interests in a speedy trial are more important than any potential advantages of agreeing to the Government's motion to continue the trial.

**Memorandum Opinion and Order – Page 1**

On April 24, 2018, the Government's Reply to Defendant's Response to Motion to Continue Trial (Doc. 25) was filed. The Government contends that its motion to continue the trial should be granted and that the motion does not violate the Speedy Trial Act. The Government also advised the court that on April 13, 2018, Defendant informed the Government that he would file a motion for a continuance in this case and then later informed the Government on April 18, 2018, of his intent to assert his right to a speedy trial. In further support of its motion to continue, the Government asserts in its reply that it is not requesting a continuance due to a lack a diligence but because the current trial setting is close to several other significant deadlines in cases for which Ms. Jamie Hoxie is lead counsel for the Government.

On April 25, 2018, the court held a hearing on the Government's motion to continue. During the course of the hearing, several issues were discussed, including the possibility of moving the date of the trial to an earlier date to avoid any speedy trial issues, and the availability of witnesses. Defendant, through his counsel, stated that he would be ready if the case were to begin the week of May 14, 2018, or earlier, although he still contends that any date after May 2, 2018, violates the Speedy Trial Act.

The Government stated at the hearing that it did not know about the availability of all of its witnesses and informed the court that it would inquire of their availability. With respect to the availability of its witnesses, the Government's counsel responded as follows:

> The undersigned has been told that during the week of May 14, 2018, one of its witnesses who the government expects will have to testify at trial lives outside of the DFW area and is scheduled to take part in a large-scale law enforcement operation also not within the DFW area. The witness is expected to conduct surveillance as a part of the operation team, and the witness's expertise is important to the operation.
>
> The undersigned has also been told that one of its witnesses who the government also expects will have to testify at trial has a family member who may

**Memorandum Opinion and Order – Page 2**

> need to undergo a medical procedure. In the event this medical procedure takes place on May 11, 2018, this witness would not be available on May 14, 2018 and possibly May 15, 2018.
>
> While it does not render them "unavailable," some of the government's out-of-town witnesses were mindful that a May 14, 2018 trial date would require them to be traveling and interrupting their plans with their families for Mother's Day.

Gov.'s Not. Regarding Witnesses (Doc. 27) 1-2. In its Notice (Doc. 27), the Government also argues that its motion to continue tolls the running of the Speedy Trial Act until the court rules on it. Additionally, it urges the court to make an "ends-of-justice" determination under 18 U.S.C. § 3161(h)(7)(A) and (B)(iv). *Id*. at 2.

The court disagrees with Defendant's argument that the failure to commence the trial of this action by May 2, 2018, violates the Speedy Trial Act. The court now sets forth its reasons that Defendant misapprehends the applicable provisions of the Speedy Trial Act.

## II.     Analysis

The parties all agree that a defendant's trial must commence within seventy days from the filing of an information or indictment against such defendant, or within seventy days from the date of an initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act, however, excludes certain periods of delay in calculating the time in which a trial must commence. In particular, any period of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or prompt disposition of, such motion" is excluded from this calculation. 18 U.S.C. § 3161(h)(1)(D). No reasonable person can rationally and seriously argue that the Government's motion to continue is not a "pretrial motion," as it was filed prior to the current trial setting of this criminal action. In any event, any doubt on this issue was laid to rest when the Fifth Circuit held as follows with unmistakable clarity: "[W]e hold that under 18 U.S.C. § 3161(h)(1)(F), any pretrial motion, including a motion to set a trial date, tolls the speedy

**Memorandum Opinion and Order – Page 3**

trial clock automatically, and the Government is not required to prove that the motion actually delayed trial." *United States v. Green*, 508 F.3d 195, 200 (5th Cir. 2008). Section 3161(h)(1)(F) included the language that read "delay resulting from any trial motion" as opposed to the language currently set forth in section 3161(h)(1)(D). The court determines that this slight variation in wording is quite beside the point and does not alter the substantive holding in *Green*. As the Government's motion to continue was filed on April 18, 2018, and the court is ruling on the motion on May 2, 2018, the fourteen days between the filing of the Government's motion and the date of the court's ruling are excluded for purposes of computing the time that the trial of this action must commence. *Green*, 508 F.3d at 200 & n.3. In light of the court's holding in *Green*, the deadline for purposes of the Speedy Trial Act does not expire until May 16, 2018. Accordingly, any argument by Defendant Ladd that a trial not held by May 2, 2018, is without merit.

The Government also requests the court to make an "ends-of-justice" finding regarding continuity of its counsel. This argument was initially made when the Government was requesting a continuance of the May 21, 2018 date by at least 60 days. No "ends-of-justice" finding regarding continuity of counsel is necessary, as the court has decided that jury selection in this action will commence on May 11, 2018, and the Government's counsel is available to try this action.

## III. Trial Date

The court hereby **vacates** the current trial date of May 21, 2018, and **resets** the trial of this action to begin with jury selection at **9:00 a.m., May 11, 2018**. In the Government's notice to the court regarding the availability of its witnesses, it sets forth some possible, temporary conflicts; however, the court will make reasonable adjustments to accommodate the Government with respect to the order of presentation of witness testimony. Further, the court informs the parties that no testimony will occur on Monday, May 14, 2018, because it has several sentencings on this

date. Thus, the court will be in recess on Monday, May 14, 2018, and will reconvene at **9:00 a.m.** on **Tuesday, May 15, 2018**.

IV. **Conclusion**

The court, for the reasons herein stated, **denies** the Government's First Motion to Continue Trial Setting and Pretrial Deadlines (Doc. 21). All pretrial matters that the court required the parties to file or submit in its earlier Scheduling Order (Doc. 20), filed April 13, 2018, in paragraphs 3, and 11-14 must be filed by **May 8, 2018**. With respect to paragraph 15, objections must be filed by **May 10, 2018, 5:00 p.m.** All other provisions of the court's earlier Scheduling Order (Doc. 20) remain in full effect unless herein modified.

**It is so ordered** this 2nd day of May, 2018.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge