IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:18-cr-100-L |
| | § | |
| DAVID MICHAEL LADD, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO AMEND CONDITIONS OF RELEASE

Defendant David Michael Ladd has moved the Court to amend the conditions

of release that were imposed when Ladd was released after his arrest on a criminal

complaint alleging that he failed to register as a sex offender, in violation of 18 U.S.C.

§ 2250. *See* Dkt. No. 66; *see also* Dkt. Nos. 1, 9, & 10.

United States District Judge Sam A. Lindsay referred Ladd's Motion to Amend

Conditions of Release [Dkt. No. 66] to the undersigned United States magistrate judge

for hearing, if necessary, and determination, *see* Dkt. No. 67. The government filed an

amended response. *See* Dkt. No. 69. And Ladd filed a reply brief. *See* Dkt. No. 70.

For the reasons stated below, the Court DENIES the motion.

## Applicable Background

Following Ladd's arrest on the criminal complaint and his temporary detention,

*see* Dkt. Nos. 1, 2, 4, 5, 6, 7, & 8, a hearing on probable cause and the government's

motion to detain Ladd pretrial [Dkt. No. 3] was conducted before the undersigned on

February 5, 2018, *see* Dkt. No. 9. The Court found probable cause, *see id.* – and a grand

jury in this district subsequently indicted Ladd for one count of failure to register

under Section 2250, *see* Dkt. No. 13. But the Court denied the motion for pretrial detention and instead released Ladd after imposing certain pretrial conditions, including (1) that he be restricted to his residence at all times except for "religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer" and (2) that he "submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided," Dkt. No. 10 at 2.

In October 2018, the United States Supreme Court heard argument in *Gundy v. United States*, No. 17-6086, which raises the issue whether the Sex Offender Registration and Notification Act's ("SORNA") delegation of authority to the Attorney General to issue regulations under 42 U.S.C. § 16913 violates the nondelegation doctrine. And this Court previously addressed Ladd's November 14, 2018 motions based on the issue raised in *Gundy*:

> As stated during the telephonic conference held November 15, 2018, the court grants Defendant's Motion for Leave to File Motion to Dismiss the Indictment, and the court stays its ruling on Defendant's Motion to Dismiss the Indictment after it is entered on the docket. The court also stays its ruling on Defendants Request for Bench Trial until the parties submit additional briefing on the issue. The court will issue a briefing schedule after the case is reset for trial. The court grants Defendant's Motion to Continue Trial Date until a decision is made by the United States Supreme Court in *Gundy v. United States*, No. 17-6086. The parties shall submit a joint letter to the court within 14 days after the ruling by the Supreme Court, providing the parties respective positions on the implications of the decision. After such letter is received, the court will reset this matter for trial, or conduct a conference call hearing.

Dkt. No. 63 (emphases omitted).

Through the Motion to Amend Conditions of Release, Ladd now requests that the Court remove the home-confinement and home-monitoring conditions of his pretrial release. The government opposes this request. And, on reply, Ladd alternatively requests that the Court impose a curfew in place of home confinement.

## Legal Standards

> The Bail Reform Act directs the judicial officer to order pretrial release on personal recognizance or upon the execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If the preceding terms will not reasonably assure appearance or will endanger safety, then the judicial officer is directed to consider a number of conditions to be attached to a release order. 18 U.S.C. § 3142(c).

*United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) (per curiam) (quoting *United States v. Ploof*, 851 F.2d 7, 9 (1st Cir. 1988)).

> Proper conditions of pretrial release under Section 3142(c) are not intended to punish defendants, who have not yet been convicted of or sentenced for the charged offenses at issue. ...
>
> In setting conditions under Section 3142(c)(1), the Court's task, rather, is to ascertain and "impose the least restrictive combination of conditions that the court determines will reasonably assure [a defendant's] appearance as required and the safety of any other person and the community." *United States v. Yeh*, No. 3:08-cr-96-P, 2013 WL 6568118, at *2 (N.D. Tex. Dec. 13, 2013). And the Court is directed to impose conditions that will reasonably assure – not guarantee – the appearance of the person as required and the safety of any other person and the community. *See United States v. Fortna*, 769 F.3d 243, 250 (5th Cir. 1985).

*United States v. Barker*, No. 3:16-cr-516-D, 2017 WL 345643, at *13 (N.D. Tex. Jan. 24, 2017).

Applicable to the charge against Ladd – which is a charge implicated by the Adam Walsh Amendments to the Bail Reform Act – "any release order shall contain, at a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii)": that a defendant "abide by specified restrictions on personal associations, place of abode, or travel"; "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense"; "report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency"; and "comply with a specified curfew." 18 U.S.C. § 3142(c)(1)(B); *see United States v. Torres*, 566 F. Supp. 2d 591, 595 (W.D. Tex. 2008) ("Where a court decides to release a defendant charged with these offenses targeted by the Amendments, upon any condition beyond release on personal recognizance or release on an unsecured appearance bond, the Adam Walsh Amendments mandate that the court also impose the additional conditions prescribed by the Amendments." (citing *United States v. Crowell*, Nos. 06-M-1095, 06-CR-291E(F), 06-CR-304S(F), 2006 WL 3541736, at *4 (W.D.N.Y. Dec. 7, 2006))).

"The judicial officer [who set a defendant's conditions of pretrial release] may at any time amend the order to impose additional of different conditions of release." 18 U.S.C. § 3142(c)(3). But, in exercising the "authority to modify pretrial release conditions," that judicial officer must "remain[] mindful that such conditions continue to satisfy the goals of the [Bail Reform] Act to reasonably assure a defendant's appearance at his or her trial and the safety of the community." *United States v. Phua*, No. 2:14-cr-00249-APG-PAL, 2015 WL 127715, at *1 (D. Nev. Jan. 8, 2015) (citing 18

U.S.C. § 3142(f), (g), & (c)(3); 28 U.S.C. § 636(a)(2); *see also id.* (noting that, "[i]n ensuring that the goals of the Act are satisfied, a magistrate judge is guided by 18 U.S.C. § 3142(f), which requires a defendant to establish that new information exists that was not known to him or her at the time of the initial detention hearing, and that this new information is material to his or her release conditions regarding flight or dangerousness" (citation omitted)).

## Analysis

In support of removing him from home confinement and home monitoring, Ladd asserts that he has complied with the conditions imposed for a full year, *see* Dkt. No. 66 at 3-4, that his health has declined as a result of home confinement, *see id.*, and that "[n]umerous courts have found that the Adam Walsh amendment to the Bail Reform Act – mandating courts impose electronic monitoring – violate various rights of presumptively innocent defendants under the United States Constitution," *id.* at 4.

Taking the last point first, the government argues that Ladd has not shown that the Court should strike down the Adam Walsh Act Amendments to the Bail Reform Act as facially unconstitutional. The Court agrees that this showing has not been made. But it should be noted that Ladd could have urged the Court not to impose the conditions required under the Adam Walsh Amendments – based on their alleged unconstitutionality – when the Court initially imposed the conditions of release. This is not a new argument. There has been no change in controlling precedent since the Court imposed the conditions of release. And what Ladd may not be considering is that the conditions required by the Adam Walsh Amendments were part of the overall

package of least restrictive conditions that the Court found necessary to reasonably assure his appearance as required and the safety of any other person and the community. *See* Dkt. No. 43 at 39-40. Thus, even if Ladd had made a successful facial challenge to the Adam Walsh Amendments, that misses the mark. In exercising the authority to modify pretrial release conditions under Section 3142(c)(3), the Court remains cognizant of the least restrictive conditions necessary to satisfy the goals of the Bail Reform Act – whether or not those conditions are required by the Adam Walsh Amendments.

As to Ladd's argument that home confinement prevents him from sufficiently exercising and thus exacerbates his already serious health conditions, *see* Dkt. No. 66 at 3, based on the government's response – which Ladd does not address on reply – Ladd's probation officer has addressed this concern:

> On or about October 22, 2018, Ladd raised with his Probation Officer his request to modify his home detention condition due to health concerns related to his weight gain. On October 23, the U.S. Probation Office promptly modified Ladd's home detention to permit him to leave his home for one hour a day, five days a week, for the purpose of physical exercise. The U.S. Probation Officer also discussed with Ladd the possibility that a greater number of exercise hours would be approved if he were to obtain a gym membership. To the best of the government's knowledge, Ladd has taken no steps to obtain a gym membership or raise any attendant modification with his Probation Officer.

Dkt. No. 68 at 11-12; *see also* Dkt. No. 10 at 2 (the residential restriction requirement imposed by the Court includes exceptions for "religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or

supervising officer").

Given the Probation Office's efforts to work with Ladd, the Court is confident that – consistent with the home-confinement condition imposed, which specifically allows Ladd to obtain medical treatment outside his home – that office will work with him to accommodate his need for radiation therapy later this year, *see* Dkt. No. 66 at 3, without the Court modifying the conditions of pretrial release based on Ladd's current showing.

In sum, Ladd has not shown the Court that it should modify the current conditions of pretrial release because those conditions are no longer the least restrictive necessary to reasonably assure his appearance as required and the safety of any other person and the community – which, on the record before it, the Court finds that they continue to be.

## Conclusion

The Court DENIES Defendant David Michael Ladd's Motion to Amend Conditions of Release [Dkt. No. 66].

SO ORDERED.

DATED: March 8, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE