IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:18-cr-100-L |
| | § | |
| DAVID MICHAEL LADD, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN
PART AND DENYING IN PART SECOND MOTION
TO AMEND CONDITIONS OF RELEASE**

Defendant David Michael Ladd previously moved the Court to amend the conditions of release that were imposed when Ladd was released after his arrest on a criminal complaint alleging that he failed to register as a sex offender, in violation of 18 U.S.C. § 2250. *See* Dkt. No. 66; *see also* Dkt. Nos. 1, 9, & 10.

United States District Judge Sam A. Lindsay referred that Motion to Amend Conditions of Release [Dkt. No. 66] to the undersigned United States magistrate judge for hearing, if necessary, and determination, *see* Dkt. No. 67. The government filed an amended response. *See* Dkt. No. 69. Ladd filed a reply brief. *See* Dkt. No. 70. And the Court denied the motion. *See* Dkt. No. 71.

Ladd has filed a Second Motion to Amend Conditions of Release, *see* Dkt. No. 88, asking the Court to remove the location monitoring and/or the home detention conditions of his pretrial release and to amend the residence restriction to provide that he must "maintain a residence as approved by Pretrial Services," *id.* at 5.

This motion is automatically referred to the undersigned under Special Order

3-251.

The government responded, *see* Dkt. No. 89, opposing Ladd's request to eliminate the home detention and location monitoring conditions but reporting that the government does not object to the proposed amendment to the conditions of release to provide that Ladd must "maintain a residence as approved by Pretrial Services," *id.* at 6.

For the reasons and to the extent explained below, the Court grants in part and denies in part Ladd's Second Motion to Amend Conditions of Release [Dkt. No. 88].

## Applicable Background

Following Ladd's arrest on the criminal complaint and his temporary detention, *see* Dkt. Nos. 1, 2, 4, 5, 6, 7, & 8, a hearing on probable cause and the government's motion to detain Ladd pretrial [Dkt. No. 3] was conducted before the undersigned on February 5, 2018, *see* Dkt. No. 9. The Court found probable cause, *see id.* – and a grand jury in this district subsequently indicted Ladd for one count of failure to register under Section 2250, *see* Dkt. No. 13. But the Court denied the motion for pretrial detention and instead released Ladd after imposing certain pretrial conditions, including (1) that he be restricted to his residence at all times except for "religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer" and (2) that he "submit to location monitoring as directed by the pretrial services office or

supervising officer and comply with all of the program requirements and instructions provided," Dkt. No. 10 at 2.

The Court has not yet reset Ladd's jury trial. *See* Dkt. No. 86.

### Legal Standards

> The Bail Reform Act directs the judicial officer to order pretrial release on personal recognizance or upon the execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If the preceding terms will not reasonably assure appearance or will endanger safety, then the judicial officer is directed to consider a number of conditions to be attached to a release order. 18 U.S.C. § 3142(c).

*United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) (per curiam) (quoting *United States v. Ploof*, 851 F.2d 7, 9 (1st Cir. 1988)).

> Proper conditions of pretrial release under Section 3142(c) are not intended to punish defendants, who have not yet been convicted of or sentenced for the charged offenses at issue. ...
> In setting conditions under Section 3142(c)(1), the Court's task, rather, is to ascertain and "impose the least restrictive combination of conditions that the court determines will reasonably assure [a defendant's] appearance as required and the safety of any other person and the community." *United States v. Yeh*, No. 3:08-cr-96-P, 2013 WL 6568118, at *2 (N.D. Tex. Dec. 13, 2013). And the Court is directed to impose conditions that will reasonably assure – not guarantee – the appearance of the person as required and the safety of any other person and the community. *See United States v. Fortna*, 769 F.3d 243, 250 (5th Cir. 1985).

*United States v. Barker*, No. 3:16-cr-516-D, 2017 WL 345643, at *13 (N.D. Tex. Jan. 24, 2017).

Applicable to the charge against Ladd – which is a charge implicated by the Adam Walsh Amendments to the Bail Reform Act – "any release order shall contain,

at a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii)": that a defendant "abide by specified restrictions on personal associations, place of abode, or travel"; "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense"; "report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency"; and "comply with a specified curfew." 18 U.S.C. § 3142(c)(1)(B); *see United States v. Torres*, 566 F. Supp. 2d 591, 595 (W.D. Tex. 2008) ("Where a court decides to release a defendant charged with these offenses targeted by the Amendments, upon any condition beyond release on personal recognizance or release on an unsecured appearance bond, the Adam Walsh Amendments mandate that the court also impose the additional conditions prescribed by the Amendments." (citing *United States v. Crowell*, Nos. 06-M-1095, 06-CR-291E(F), 06-CR-304S(F), 2006 WL 3541736, at *4 (W.D.N.Y. Dec. 7, 2006))).

"The judicial officer [who set a defendant's conditions of pretrial release] may at any time amend the order to impose additional of different conditions of release." 18 U.S.C. § 3142(c)(3). But, in exercising the "authority to modify pretrial release conditions," that judicial officer must "remain[ ] mindful that such conditions continue to satisfy the goals of the [Bail Reform] Act to reasonably assure a defendant's appearance at his or her trial and the safety of the community." *United States v. Phua*, No. 2:14-cr-00249-APG-PAL, 2015 WL 127715, at *1 (D. Nev. Jan. 8, 2015) (citing 18 U.S.C. § 3142(f), (g), & (c)(3); 28 U.S.C. § 636(a)(2); *see also id.* (noting that, "[i]n ensuring that the goals of the Act are satisfied, a magistrate judge is guided

by 18 U.S.C. § 3142(f), which requires a defendant to establish that new information exists that was not known to him or her at the time of the initial detention hearing, and that this new information is material to his or her release conditions regarding flight or dangerousness" (citation omitted)).

## Analysis

Without opposition, the Court will modify Ladd's release conditions to provide that he must "maintain a residence as approved by Pretrial Services."

But, for the reasons that the Court already explained and incorporates here, *see* Dkt. No. 71, the Court cannot accept Ladd's arguments that the length of his compliance and his health concerns warrant removing his location monitoring and home detention conditions. Although another 1.5 years have passed since the Court's last ruling, as the government aptly notes, that Ladd has continued to comply with his conditions of release to date – as he is legally required to do – does not entitle him to end those conditions now, which appear to be effective as part of the least restrictive combination of conditions necessary to reasonably assure his appearance as required and the safety of any other person and the community.

And the Court is likewise persuaded that the supervising pretrial services officer's concerns likewise do no support removing these conditions, where, as the government notes, this case will remain pending regardless of how the Court decides this motion and where Ladd's current pretrial conditions expressly permit him to seek medical or mental health treatment.

In fact, the Court believes that the record before it supports a further

modification to require that Ladd must get mental health or psychiatric counseling or treatment as directed by Pretrial Services. But, for the reasons the Court previously explained, *see* Dkt. No. 71, and the reasons that the government now offers in opposition, *see* Dkt. No. 89, Ladd has not shown the Court that it should modify the current conditions of pretrial release to remove location monitoring and home detention because those conditions are no longer the least restrictive necessary to reasonably assure his appearance as required and the safety of any other person and the community – which, on the record here, the Court again finds they continue to be.

## Conclusion

The Court GRANTS in part and DENIES in part Defendant David Michael Ladd's Second Motion to Amend Conditions of Release [Dkt. No. 88] and ORDERS that his existing conditions of pretrial release are modified to (1) provide that Ladd must maintain a residence as approved by Pretrial Services and (2) impose the additional condition that Ladd must get mental health or psychiatric counseling or treatment as directed by Pretrial Services.

SO ORDERED.

DATED: October 15, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE